Hearing Date:  April 11, 2013 at 9:45 a.m. (Eastern Time)
Objection Deadline:  April 4, 2013 at 4:00 p.m. (Eastern Time)

David M. Friedman (dfriedman@kasowitz.com)
Daniel A. Fliman (dfliman@kasowitz.com)
Julia A. Balduzzi (jbalduzzi@kasowitz.com)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone:  (212) 506-1700
Facsimile:  (212) 506-1800

*Proposed Counsel for the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>2607 JEROME N, LLC, *et al.*,<br><br>Debtors.[1] | Case No. 13-10034 (REG)<br><br>Chapter 11<br><br>Jointly Administered |

**DEBTORS' OBJECTION TO APPLICATION BY D&A EQUITIES, LLC**
**FOR AUTHORITY TO CONDUCT DISCOVERY**
**PURSUANT TO BANKRUPTCY RULE 2004**

---

[1] The Debtors (defined below) are the following entities:  2607 Jerome N, LLC ("**2607 Jerome**"), 2334 Washington N LLC ("**2334 Washington**"), 1084 New York N, LLC ("**1084 New York**") and Northside Development LLC ("**Northside**").  The employer tax identification numbers and addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

FACTUAL BACKGROUND ................................................................................................... 3

    A.    The Chapter 11 Cases. ................................................................................... 3

    B.    The D&A Claim and 2004 Application. ......................................................... 5

OBJECTION ............................................................................................................................ 6

    A.    The Ability Of Creditors To Take Rule 2004 Discovery From A Debtor Is Very Limited And May Not Be Granted Absent A Finding Of Sufficient Cause And Upon A Consideration Of The Comparable Harms And Benefits. ........................................................................................................ 6

    B.    No Valid Basis Exists For D&A To Subject The Debtors To Burdensome Discovery Concerning Claims Asserted Against Them By Other Parties. ............. 7

    C.    There Is No Valid Basis For D&A To Subject The Debtors To Burdensome Discovery Concerning Avoidance Actions. ...................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*ePlus, Inc. v. Katz (In re Metiom, Inc.)*,
  318 B.R. 263 (S.D.N.Y. 2004) ................................................................................................6

*In re Coffee Cupboard, Inc.*,
  128 B.R. 509 (Bankr. E.D.N.Y. 1991) ....................................................................................7

*In re Dinubilo*,
  177 B.R. 932 (E.D. Cal. 1993) ................................................................................................6

*In re Drexel Burnham Lambert Group, Inc.*,
  123 B.R. 702 (Bankr. S.D.N.Y. 1991) ....................................................................................7

*In re J & R Trucking, Inc.*,
  431 B.R. 818 (Bankr. N.D. Ind. 2010) ..................................................................................10

*In re Lufkin*,
  255 B.R. 204 (Bankr. E.D. Tenn. 2000) .................................................................................8

*In re MF Global Inc.*,
  2013 Bankr. LEXIS 129 (Bankr. S.D.N.Y. Jan. 8, 2013) ....................................................6, 7

*In re Mittco, Inc.*,
  44 B.R. 35 (Bankr. E.D. Wis. 1984) .......................................................................................7

*In re Rosenberg*,
  303 B.R. 172 (B.A.P. 8th Cir. 2004) .......................................................................................6

*In re Sheetz*,
  452 B.R. 746 (Bankr. N.D. Ind. 2011) ....................................................................................6

*In re Texaco Inc.*,
  79 B.R. 551 (Bankr. S.D.N.Y. 1987) ......................................................................................7

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 2004 ................................................................................1, 2, 3, 5, 6, 7, 10

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The debtors in the above-captioned chapter 11 cases (collectively, the "**Debtors**") hereby file this objection (the "**Objection**") to the application (the "**Application**") of D&A Equities LLC ("**D&A**") for an order pursuant to Rules 2004, 7026 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") permitting D&A to conduct discovery of the Debtors, among others. In opposition to the Application, the Debtors respectfully represent as follows:

## PRELIMINARY STATEMENT[1]

Rule 2004 discovery is not designed to allow purported creditors to bog down a debtor with unnecessary and highly burdensome discovery that can only have the intended effect of harassment. There is no legitimate reason why D&A is entitled to, or even needs, the discovery it requests in its Application and D&A has not, and cannot, demonstrate that requisite "cause" exists for subjecting the Debtors to the requested discovery.

D&A asserts unsecured claims of approximately $2.1 million against the Debtors, against which the Debtors have made clear they intend to object (and shall do so shortly). Their disputed claims are D&A's only nexus to the Debtors' bankruptcy cases (aside from being the target of discovery and claims asserted by the Debtors). D&A has no ongoing business dealings with the Debtors and serves in no fiduciary capacity in connection with these cases. As strictly a holder of unsecured claims (and highly disputed ones at that), D&A is not entitled to relief under Bankruptcy Rule 2004 and cannot seek discovery from the Debtors outside the context of a proceeding.

---

[1] All capitalized terms used but not defined in the Preliminary Statement shall have the meanings ascribed to them below and in the balance of the Objection.

Moreover, there is no valid basis for D&A to obtain discovery from the Debtors at this time. Currently, D&A has, at most, a future right to receive payments from the Debtors, if, and to the extent, its claims are allowed. Even then, it is uncertain how D&A's claims would be treated in these Bankruptcy Cases, including whether sufficient funds will exist to pay D&A's claims in full, to the extent allowed. D&A's claims also may be disallowed in full (as the Debtors believe they should be), in which case D&A's discovery will have caused the estates unnecessarily to expend extensive time and resources. Until it becomes known how D&A's claims will be treated in the Bankruptcy Cases, there is no justification for permitting D&A to subject the Debtors to discovery.

D&A especially cannot establish "cause" for the discovery it seeks given the types of information it requests from the Debtors. D&A primarily seeks discovery from the Debtors concerning (1) the validity of claims asserted by other parties against the Debtors, as reflected in the Debtors' schedules or in proofs of claim filed by others (the "**Claims Discovery**") and (2) facts and circumstances potentially relevant to the Debtors' Chapter 5 causes of actions (the "**Avoidance Action Discovery**"). No basis exists for D&A to subject the Debtors to the Claims Discovery; D&A has not objected to any claims asserted against the Debtors and, even if it did so, it would then seek discovery from the claimant, not the Debtors. In fact, as D&A knows, the Debtors have committed to bringing objections to claims against 1084 New York on or before May 30, 2013. That time has not yet passed and D&A cannot cut off the Debtors' allotted time under the guise of Rule 2004. The Avoidance Action Discovery is likewise baseless given that D&A has not sought – nor do the Debtors see any reason it could obtain – standing to bring Chapter 5 causes of action on behalf of the estates. The Debtors are well aware that Chapter 5 causes of action may exist and fully intend to investigate those actions and to make a

2

determination at the proper time as to how to proceed with respect to them. Unless and until the Chapter 5 causes of action are transferred to another party, or standing to pursue same is vested in others, there is no basis whatsoever for parties like D&A to seek the Avoidance Action Discovery.

Finally, D&A's motives in filing the Application are entirely suspect. Given that its claims have not yet been allowed, that the amount it will receive on any allowed claim is unknown and that D&A has not objected to any claims or sought standing to commence Chapter 5 causes of actions, it appears to the Debtors that D&A brings the Application solely to harass the Debtors and other constituents. There is no doubt that extensive disputes exist between D&A and the Debtors as a result of their failed business venture. Those issues will be litigated at the right time and through the right proceedings. That those disputes exist does not allow D&A to utilize Rule 2004 – a remedy that is intended to protect the estates and its fiduciaries – for some tactical advantage. D&A's efforts to exert pressure through improper means must not be countenanced.

## FACTUAL BACKGROUND

**A.      The Chapter 11 Cases.**

1.      On January 3, 2013 (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      Additional information regarding the Debtors and the events leading up to the Chapter 11 Cases is contained in the *Amended Declaration of Aaron Wexler Pursuant to Local Bankruptcy Rule 1007-2* [Docket No. 24].

3. On January 18, 2013, each Debtor filed its Schedule of Assets and Liabilities and Statement of Financial Affairs, with amended Schedules D and F for certain Debtors filed on January 31, 2013 (collectively, the "**Schedules**").

4. Pursuant to the *Order Establishing Deadline to File Proofs of Claim and Approving Form and Manner of Service of the Bar Date Notice*, dated February 11, 2013 [Docket No. 53], and pursuant to Bankruptcy Rule 3003(c)(3), the Court established March 8, 2013 as the general bar date for filing proofs of claim against the Debtors' estates and established July 3, 2013 as the bar date by which Governmental Units, as defined in section 101(27) of the Bankruptcy Code, must file proofs of claim against the Debtors' estates.

5. On February 15, 2013, 1084 New York filed its *First Amended Plan of Liquidation of 1084 New York N, LLC*, dated as of February 15, 2013 (the "**1084 New York Plan**") [Docket No. 60], which was confirmed by Order of the Court (the "**1084 Confirmation Order**") dated March 1, 2013 [Docket No. 83]. Pursuant to the 1084 Confirmation Order, the deadline for objections to claims against 1084 New York is May 30, 2013.

6. On March 14, 2013, the property owned by 1084 New York was sold pursuant to the 1084 New York Plan and the Effective Date occurred thereunder. As set forth in the *Notice of Effective Date of Plan for Debtor 1084 New York N, LLC* [Docket No. 90], filed by the Debtors on March 22, 2013, net proceeds received from the sale of the property are currently held in the Claims Reserve Account pending adjudication of the unsecured claims asserted against 1084 New York.

B.   **The D&A Claim and 2004 Application.**[2]

7.   On March 7, 2013, D&A filed substantially identical claims in the amount of $2,077,044 against each of the Debtors (collectively referred to herein as the "**D&A Claim**").[3] The D&A Claim purportedly arises from prior business dealings among D&A, its affiliates and the Debtors and their affiliates, and from related litigation in state court.

8.   On March 28, 2013, D&A filed its Application seeking, essentially, two categories of discovery. D&A seeks discovery not only from the Debtors, but also from Aaron Wexler (managing member of Northside), Seventh Avenue Management LLC, Seventh Avenue Management II, LLC, 30th Street Equities, LLC, Rick Kaminer, Teletracer, Rosewood Servicing, LLC and Herzfeld and Rubin (collectively, the "**Non-Debtor Discovery Targets**").

9.   As to the Debtors, D&A seeks discovery related claims that may exist against the Debtors (*i.e.*, the Claims Discovery), including with respect to information set forth in various proofs of claim filed in the Debtors' cases and/or contained in the Debtors' Schedules. (Application, ¶ 3(2).)[4] D&A also seeks from the Debtors (and the Non-Debtor Discovery Targets) information related to potential estate causes of action (*i.e.,* the Avoidance Action Discovery), including information concerning the Debtors' transactions with certain parties and certain transfers identified in the Debtors' Schedules. (*Id.*)

---

[2]   The details of the pre-petition dealings of D&A and the Debtors are more fully set out in the *Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004 Permitting the Debtors to Obtain Discovery from D&A Equities, LLC* [Docket No. 91], filed on March 22, 2013, and the declaration of Aaron Wexler filed in support of same [Docket No. 92].

[3]   The claim against Northside is asserted as a direct claim whereas the claim against the other three Debtors is based upon an alleged guaranty by these Debtors of Northside's obligations pursuant to certain court-ordered stipulations in pre-petition state court proceedings.

[4]   D&A is also seeking "[d]iscovery of the Debtors relating to … Wexler's Declaration pursuant to Local Rule 1007-4[.]" (Application, ¶ 3(2).)

5

**OBJECTION**

A. **The Ability Of Creditors To Take Rule 2004 Discovery From A Debtor Is Very Limited And May Not Be Granted Absent A Finding Of Sufficient Cause And Upon A Consideration Of The Comparable Harms And Benefits.**

10. Rule 2004(a) provides, in relevant part, that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). In the Application, D&A misconstrues the bounds and the purpose of Rule 2004. The opportunity for such an examination may be generally available to "any party in interest," Fed. R. Bankr. P. 2004(a), but whether a court allows the examination is a matter committed to its discretion. *See In re Rosenberg*, 303 B.R. 172, 175 (B.A.P. 8th Cir. 2004); *In re Dinubilo*, 177 B.R. 932, 939 (E.D. Cal. 1993). "Rule 2004 is intended to permit the debtor and other estate fiduciaries and court-appointed officers, as needed, to determine the extent of the estate's assets and recover those assets for the benefit of creditors. It does not permit parties in interest to investigate their private (non-estate) claims." *In re MF Global Inc.*, 2013 Bankr. LEXIS 129 at *1 (Bankr. S.D.N.Y. Jan. 8, 2013) (citations omitted).

11. "In granting a Rule 2004 examination request, the bankruptcy court is required to make a finding of good cause for the examination." *Id.*; *see also ePlus, Inc. v. Katz (In re Metiom, Inc.)*, 318 B.R. 263, 268 (S.D.N.Y. 2004); *In re Sheetz*, 452 B.R. 746, 749 (Bankr. N.D. Ind. 2011) ("[a]lthough not required by the specific text of Rule 2004, there should be 'sufficient cause' for the examination."). Good cause is shown if the examination sought is "necessary to establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice." *In re Metiom, Inc.*, 318 B.R. at 268 (internal citations omitted).

6

12. In addition to the requirement for "cause," Rule 2004 requires courts to "balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination." *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991). Courts must weigh the relevance of the discovery against the burden it will impose on the producing party. *In re MF Global Inc.*, 2013 Bankr. LEXIS 129 at *1; *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991). "[T]he examination should not be so broad as to be more disruptive and costly to the [producing party] than beneficial to the [requesting party]." *In re Texaco Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987). Discovery pursuant to Rule 2004 is not designed to allow purported creditors to bog down the debtor with unnecessary and highly burdensome discovery that can only have the intended benefit of harassing the debtor. *See In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984) (stating that Rule 2004 cannot be used for "purposes of abuse or harassment" and it "cannot stray into matters which are not relevant to the basic inquiry.").

**B.    No Valid Basis Exists For D&A To Subject The Debtors To Burdensome Discovery Concerning Claims Asserted Against Them By Other Parties.**

13. D&A provides no support or justification for seeking from the Debtors the Claims Discovery; and none exists. D&A plainly has no interest in and is not entitled to subject the Debtors to a process in which they must justify their views of other creditors' claims.

14. <u>First</u>, Rule 2004 is not intended to allow purported creditors, like D&A, to bolster their individual interests. D&A is not a trustee, creditors committee or other fiduciary. It seeks the Claims Discovery solely on its own behalf, presumably in connection with potential collection on its claim against the Debtors. A party may not "take a Rule 2004 examination in furtherance of its own interests, [and] not those of the estate." *In re MF Global Inc.*, 2013 Bankr. LEXIS 129 at *4.

7

15. <u>Second</u>, the allowance of other claims has no present relevance to D&A. The D&A Claim is in dispute and the Debtors intend to object to it shortly. Until any objection to the D&A Claim is resolved, D&A is not entitled to payment from the 1084 New York sales proceeds and D&A plainly is not entitled to any payment from any of the other Debtors, for which no plan has even been filed (and exclusivity continues). Inasmuch as D&A has no claim on which it may presently be paid, the allowance or disallowance of other creditors' claims has no effect on D&A. In fact, even if D&A had an allowed claim today, then it is still premature to know how its claims will be treated against Debtors other than 1084 New York, such as upon a sale of those Debtors' other properties or any other plan construct. It is entirely possible that D&A's claim may be paid in full to the extent allowed and that the amount of other claims will have no bearing whatsoever on D&A or its claim. Given the present unknowns concerning the allowance of the D&A Claim and the treatment thereof, there is no reason – at this time – for D&A to obtain the Claims Discovery.

16. <u>Third</u>, if D&A really desires the Claims Discovery, then it could – and indeed must – commence proceedings against the relevant parties. For instance, if after the time has expired under the 1084 Confirmation Order for the Debtors to object to claims, D&A files it own claim objection, then it may request discovery on that claim *from that creditor*, not the Debtors. Indeed, the Debtors believe that D&A has purposefully not taken a procedurally-proper path because it would rather file pleadings like the Application to harass the Debtors and their principals or to gain some ancillary litigation benefit. Given the extensive litigation between D&A and the Debtors, it is apparent that D&A wishes to obtain the Claims Discovery and to gain access to the Debtors' books and records for use in another litigation or proceeding. *See In*

8

*re Lufkin*, 255 B.R. 204, 208-09 (Bankr. E.D. Tenn. 2000) ("Rule 2004 examinations should not be designed to discover information for use in an unrelated case or proceeding").

17.     <u>Fourth</u>, even if D&A could establish a valid cause for seeking the Claims Discovery (and it has not and cannot), then D&A cannot justify subjecting the Debtors and their estates to the massive costs and burdens triggered by the discovery sought. The Claims Discovery would require the Debtors, their principals and their professionals to expend extensive resources gathering, reviewing and producing documents to D&A, for no viable reason. Indeed, it is ironic (and hypocritical) that at the same time D&A has forced the Debtors to respond to the Application and has asked the Debtors to task their counsel with additional burdens and fees, it has opposed the retention of new counsel for the Debtors on the basis that the Debtors' principal has agreed to potentially defray the professional fee burdens in these cases. If D&A's concern were really that of an unsecured creditor – as opposed to vindictive litigant – then surely it would try to minimize the administrative expenses to the Debtors' estates, rather than attempt to cause them to amass exponentially.

18.     Accordingly, the Court should deny D&A's request to seek the Claims Discovery from the Debtors.

C.     **There Is No Valid Basis For D&A To Subject The Debtors
To Burdensome Discovery Concerning Avoidance Actions.**

19.     The Avoidance Action Discovery relates to the Debtors' potential Chapter 5 causes of action. There is no basis for D&A, an individual creditor holding a disputed claim, to seek such discovery.

20.     The Chapter 5 avoidance actions, of course, belong to the Debtors, not D&A. Again, D&A is not a fiduciary and acts solely for itself. It has no standing to pursue avoidance actions on behalf of the Debtors' estates. Nor has D&A asked for standing to pursue such

9

actions, which in any event would be highly unusual. Indeed, given D&A's oppositional role to the Debtors and their estates throughout the Bankruptcy Cases and in multiple litigations, it is doubtful that D&A could ever be tasked with acting properly on behalf of the Debtors' estates, rather than solely for itself.

21.    Moreover, even if D&A were entitled to seek the Avoidance Action Discovery (and it is not), it is certainly premature to do so now. It is too early to tell whether sufficient funds will exist from the 1084 New York sale to satisfy all 1084 New York creditors, primarily because the amount of D&A's allowed claim is not yet known. Likewise, it is too early to know whether unencumbered funds will exist at the other Debtors to pay unsecured creditors, like D&A, in full. It is certainly possible (and the Debtors are hopeful) that sufficient funds will exist to satisfy unsecured creditors, in which case, there would be no creditors that would be the beneficiaries of proceeds from Chapter 5 causes of action. As the Debtors' cases progress, the Debtors and their professionals will assess how to proceed concerning such actions. In the meantime, there is no basis for D&A to seek discovery concerning the Debtors' potential causes of action. (Indeed, it may damage the integrity and possible value of these potential claims to force the Debtors to produce the Avoidance Action Discovery to D&A today).

22.    Finally, D&A does not and cannot justify causing the Debtors to expend time and resources for this pointless exercise, which serves no legitimate benefit to D&A or the Debtors' estates. Curiosity is insufficient cause to conduct Rule 2004 discovery. In *In re J & R Trucking, Inc.*, 431 B.R. 818, 822 (Bankr. N.D. Ind. 2010), the court evaluated the propriety of 2004 discovery requests as follows:

> In assessing the propriety of a request for a 2004 examination, its purpose as an investigatory device arising out of the needs of the trustee should be kept in mind, and where a proposed examination goes beyond that purpose it should be carefully scrutinized …. To the extent the movants seek to discover avoidable

10

transfers, they are intruding upon the trustee's duties and taking those duties upon themselves. While the court may understand their curiosity, there is nothing the movants could do with that information once they got it.

23.     In sum, D&A has no right to the Avoidance Action Discovery and cannot justify imposing costs and burdens on the Debtors solely to extract some tactical advantage in ancillary litigation. As such, the Court should deny D&A's request for the Avoidance Action Discovery.

## **NOTICE**

24.     No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Objection has been given in accordance with this Court's order, dated January 14, 2013, implementing certain notice and case management procedures in these cases [Docket No. 17]. The Debtors submit that no other or further notice need be provided.

WHEREFORE the Debtors respectfully request that the Court deny the relief requested in the Application and grant such other and further relief to the Debtors as it deems just and proper.

Dated:  April 4, 2013
       New York, New York

    KASOWITZ, BENSON, TORRES
     & FRIEDMAN LLP

    By: /s/ Daniel A. Fliman
       David M. Friedman (dfriedman@kasowitz.com)
       Daniel A. Fliman (dfliman@kasowitz.com)
       Julia A. Balduzzi (jbalduzzi@kasowitz.com)
       1633 Broadway
       New York, New York 10019
       Telephone:  (212) 506-1700
       Facsimile:  (212) 506-1800

    *Proposed Counsel for the Debtors*

11